■ ROSS BARBER, Appellant, v. RICHARD L. TROMBLY, Respondent.— Plaintiff appeals from a judgment and order denying a new trial in an automobile negligence case, resulting from a jury verdict of no cause of action. Plaintiff, about 65 years of age, was driving his automobile in a westerly direction on Highway 374 in Clinton County near Dannemora, intending to make a left turn into a store. The defendant, a member of the New York State Police, driving in an easterly direction, came in contact with the automobile of the plaintiff. The accident happened on March 2, 1957, when the visibility was poor due to a snow storm. The plaintiff called as part of his case the defendant who testified the accident happened between 50 and 75 feet east of the intersection to the store when the plaintiff was driving on the south or wrong side of the road. The verdict returned by the jury was justified on a finding of fact of contributory negligence on the part of the plaintiff. There are, however, certain errors which it is claimed prejudiced the rights of the plaintiff. When the defendant was testifying on the plaintiff's case, counsel attempted to test is credibility by asking whether or not the defendant filed any charges against plaintiff. The answer was stricken from the record but later counsel, again pursuing the matter, asked the defendant if he had on his uniform and whether as a member of the State Police it was part of his duties to enforce the traffic law. Counsel was cautioned by the court not to further pursue the matter. Almost immediately thereafter counsel asked

defendant whether any claim was filed or pending against the plaintiff by the State of New York for damages to the State Police car. The court then remarked: "If you get that answered, I am going to permit him to go into the rest of it. Do you want an answer?" to which counsel replied "Yes" whereupon the following took place: "The Court: All right, then, I will permit them to show that the State of New York was compensated for the damage to their automobile by your client. Mr. Judge: All right. I would like to respectfully take an exception to the court's remarks in that connection. * * * 'A. I believe Mr. Fallon approved $1109 bill on our troop car. Mr. Judge: I object to the answer as not responsive. The Court: You asked for the answer. You got it. Mr. Judge: I object, as not responsive. The Court: It is responsive, yes, it is responsive. Mr. Judge: Exception. That's all.'" At another part of the proceedings the defendant was asked concerning pictures which were taken and he replied he did not have them but they were probably at Malone, New York (State Police Barracks) and at this time the court said "I can assure you there won't be time. I am not going to delay this trial while he goes back to Malone. Mr. Judge: I can appreciate that." While we do not approve of the procedure, in view of the sufficiency of the evidence to sustain the verdict of the jury, the error was not of such substance as to require a new trial. The plaintiff further contends that there was error in the charge of the court sufficient to warrant a new trial. A reading of the charge convinces us that it was essentially correct, and while it appears that there was some further discussion between the attorney and court on request to charge, it was not of such a prejudicial nature, all things considered, as to warrant the granting of a new trial. Whatever harm may have resulted was caused to a considerable extent by counsel's manner of phrasing questions and various requests to charge. Under different facts, we might conclude there was sufficient to authorize the granting of a new trial but here the evidence of contributory negligence was so predominant, the errors and atmosphere created were not responsible for the jury verdict. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.